## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

| | |
|---|---|
| PENNY HOFFMANN, | Case No.: |
| *Plaintiff,* | |
| v. | |
| RELADYNE, INC., d/b/a PARKER OIL COMPANY, INC., | |
| *Please Serve:* <br> CT Corporation System <br> 112 SW 7th Street <br> Suite 3C <br> Topeka, KS 66603 | |
| *Defendant.* | |

## COMPLAINT

Penny Hoffmann, for her Complaint against RelaDyne, Inc., d/b/a Parker Oil Company, Inc., ("Parker Oil") alleges the following:

## Parties

1. Hoffmann is a citizen of the United States and a resident of Jackson County, Missouri.

2. Upon information and belief, Defendant Parker Oil is an Ohio corporation authorized to do work in the state of Kansas.

## Nature of Action

3. This action seeks redress for and sex/gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) ("Title VII"), age

discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. ("ADEA") and the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*.

## Jurisdictional Basis

4. This Court has primary jurisdiction over the Title VII, ADEA and FLSA claims, pursuant to 28 U.S.C. §1331.

5. Defendant Parker Oil is located within this district. Accordingly, as the acts complained of herein took place within this District, the venue is proper in this district under 28 U.S.C. §1391.

## Administrative remedies have been exhausted

6. Hoffmann incorporates by reference the above paragraphs as though set forth separately herein.

7. Hoffmann filed a Charge of Discrimination (No. 563-2020-00185) with the U.S. Equal Employment Opportunity Commission (EEOC), for sex and age discrimination and retaliation on October 18, 2019. Hoffmann was issued a notice of her right to sue for this Charge on March 31, 2020. This complaint has been filed within 90 days of receipt of each. *See*, documents attached hereto.

8. Accordingly, Hoffmann has met all administrative prerequisites prior to filing this action.

## Facts Common to All Counts

9. Hoffmann began her employment with Parker Oil in 1999.

10. Hoffmann is a female born in 1956.

11. For all practical purposes, Hoffmann was in charge of Parker Oil's location at 6601 Kansas Avenue, Kanas City, Kansas since 2016.

12. Hoffmann supervised less than four full time employees and was subject to Defendant'a policy and practice that designated and/or treated her as exempt employees. Accordingly, she performed work without overtime compensation.

13. Because Hoffmann did not satisfy the criteria for an xempt employee, Defendant should classify her as non-exempt, thereby making her eligible for overtime compensation when she worked in excess of forty hours per week. Accordingly, Defendant misclassified Hoffmann for compensation purposes.

14. While as a matter of form, she was a salaried Office Administrator, practically she worked well in excess of 40 hours per week and performed an untold number of non-administrative and manual labor tasks, including but not limited to, driving the forklift, carrying loads of materials in excess of fifty pounds and unloading trucks.

15. Hoffmann was no compensated at a rate of at least one and one hald times her regular rate for hours worked in excess of 40 in a workweek.

16. Therefore, Hoffmann should have been considered a non-exempt employee and properly paid overtime.

17. Indeed, Hoffmann was misclassified as an exempt employee.

18. On September 11, 2019, during the meeting in which Hoffmann was informed of she was being terminated, she was assured that the reason was not performance-based but that her position was being eliminated due to a company restructure.

19. However, Hoffmann's position was filed by a much younger and less qualified male. And someone who, unbeknownst to her, she had been training for months.

20. Shockingly, this "restructure" came in the wake of Hoffmann's internal complaints of discrimination to Glenn Ritter (Operations Manager) and John Furgeson (Human Resources) and only a week after her inquiry into the possibility of submitting FMLA paperwork related to the care of her daughter.

21. Accordingly, it is reasonable to infer that the explanation given to Hoffmann is misleading to cover up a discriminatory and retaliatory purpose in the decision to terminate her

22. Hoffmann's legitimate complaints of discrimination were ignored, and she was terminated because of my age, gender and/or in retaliation for her complaints of discrimination or requests for FMLA paperwork.

23. Hoffmann has been discriminated against because of her age and gender and has been retaliated against for making complaints of protected activity and for asking for FMLA paperwork in violation of federal law. Finally, Parker Oil has violated the FLSA as it relates to Hoffmann's employment classification.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.
### Sex Discrimination

24. Hoffmann realleges and incorporates all preceding paragraphs.

25. Parker Oil has discriminated against Hoffmann in violation of Title VII by subjecting her to different treatment on the basis of her gender. Hoffmann has been treated differently as a result of Parker Oil's wrongful conduct and its policies, practices and procedures.

26. Parker Oil has discriminated against Hoffmann by treating her differently from and less preferable than similarly situated male employees.

27. Parker Oil's conduct against Hoffmann was done with malice and reckless indifference to Hoffmann's federally protected rights. Parker Oil is therefore liable for punitive dam-

ages in an amount sufficient to punish Parker Oil and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Hoffmann prays for judgment against Parker Oil on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C §2000e-5(k); and for such other and further relief the Court deems just and proper.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.
### Retaliation

28. Hoffmann realleges and incorporates all preceding paragraphs.

29. Hoffmann engaged in protected activity by complaining about gender discrimination to people in management positions.

30. Parker Oil engaged in adverse employment actions against Hoffmann for engaging in protected activities. Such adverse employment actions have been in the form of subjecting her to unfavorable terms and conditions of employment. The adverse employment actions have materially and adversely affected Hoffmann's overall terms and conditions of employment.

31. A reasonable employee would find Parker Oil's retaliatory acts materially adverse and such acts would dissuade a reasonable person from making or supporting a charge of discrimination.

32. Parker Oil's retaliatory acts against Hoffmann were a direct and proximate result of her protected activities.

5

33. That materially adverse acts alleged above directly and proximately caused Hoffmann to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation embarrassment and frustration.

34. Parker Oil's retaliation against Hoffmann was done with malice and reckless indifference to Hoffmann's federally protected rights. Parker Oil is therefore liable for punitive damages in an amount sufficient to punish Parker Oil and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Hoffmann prays for judgment against Parker Oil on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C §2000e-5(k); and for such other and further relief the Court deems just and proper.

### COUNT III
**Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. ("ADEA")**
**Age Discrimination**

35. Hoffmann realleges and incorporates all preceding paragraphs.

36. Hoffmann was 62 years old when she learned of her termination.

37. Hoffmann is within the class of persons protected by 29 U.S.C. 621, *et seq*.

38. At all times material, Hoffmann is entitled to the rights and protections provided under the ADEA.

39. Parker Oil discriminated against Hoffmann on the basis of her age in violation of the ADEA.

40.     Parker Oil, by and through its officers, employees and agents, engaged in a continuing pattern and practice of discrimination against or disparate treatment of the plaintiff based upon the plaintiff's age, ultimately terminating Hoffmann.

41.     The materially adverse acts alleged above directly and proximately caused Hoffmann to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation embarrassment and frustration.

42.     Parker Oil's treatment of Hoffmann was done with malice and reckless indifference to Hoffmann's federally protected rights.  Parker Oil is therefore liable for punitive damages in an amount sufficient to punish Parker Oil and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Hoffmann prays for judgment against Parker Oil on Count III of her Complaint, for a finding that she has been subjected to unlawful discrimination in violation of the ADEA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 29 U.S.C §§262(b) and 216(b); and for such other and further relief the Court deems just and proper.

## COUNT IV
**Violation of the Fair Labor Standards Act FLSA, 29 U.S.C. § 201, *et seq.***

43.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

44.     During the relevant period, Plaintiff supervised less than two full time employees.

45.     Defendant classified Hoffmann as an exempt employee under the FLSA. Thus, Defendant did not pay Hoffmann overtime compensation.

46.     Hoffmann did not perform jobs that would place her under any of the FLSA's exemptions from overtime compensation.

47. All similarly situated property managers working for Defendants are similarly situated in that they all perform essentially the same respective job functions and supervise less than two full time employees.

48. Defendants' policy and practice of classifying Hoffmann as an exempt employee and denying her overtime compensation violates the FLSA.

49. Defendant failed to compensate Hoffmann at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

50. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Hoffman seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**Jury Demand and Place of Trial**

Hoffmann respectfully requests a trial by jury on all issues so triable in Kansas City, Kansas.

**Designation of Place of Trial**

Hoffmann respectfully requests that trial in this matter be held at the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

HKM EMPLOYMENT ATTORNEYS LLP

*/s/ John J. Ziegelmeyer III*

John J. Ziegelmeyer III    KS No. 23003
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
www.hkm.com

ATTORNEYS FOR PLAINTIFF

# Exhibit A

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Penny Hoffmann<br>4201 S. Marshall Drive<br>Independence, MO 64055 | From: Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2020-00185 | James D. Dixon, Investigator | (913) 551-5842 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_for:_ Natascha DeGuire,
Area Office Director

3/31/2020 *(Date Mailed)*

Enclosures(s)

cc:  Julie Pugh
Attorney
Graydon
312 Walnut Street
Suite 1800
Cincinnati, OH 45202

John J. Ziegelmeyer, III
HKM EMPLOYMENT ATTORNEYS LLP
1501 Westport Road
Kansas City, MO 64111

10